]IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | | |
|---|---|---|
| **DOMINIC MITCHELL**<br>**Plaintiff,**<br><br>v.<br><br>**EQUIFAX , INC**<br>**Defendant,** | Case No.<br><br>COMPLAINT | Case: 2:26−cv−10415<br>Assigned To : Lawson, David M.<br>Referral Judge: Patti, Anthony P.<br>Assign. Date : 2/3/2026<br>Description: CMP DOMINIC<br>MITCHELL V EQUIFAX INC (SS) |

## I. PRELIMINARY STATEMENT

1. This action is brought by Plaintiff, Dominic Mitchell (hereinafter "Plaintiff"), against Defendant, Equifax, INC (hereinafter "Defendant"), for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq., (hereinafter "FCRA"). The FCRA exists to ensure that consumer reporting agencies maintain accurate and fair credit reporting systems because financial decisions affecting consumers must rely on truthful, verified, and precise information. Consumer reporting agencies carry the grave responsibility of safeguarding consumer data and ensuring that reporting systems are rooted in factual accuracy.

2. The entire consumer credit reporting system is dependent on accuracy and fairness. The FCRA was enacted because consumer financial stability, lending determinations, and economic participation are directly dependent on it. Consumer reporting agencies have a legal duty to follow reasonable procedures to ensure maximum possible accuracy, properly investigate consumer disputes, correct or delete unverified information, and prevent the reporting of misinformation, mixed-file data, or fraudulent accounts from appearing on a consumer credit report. Defendant also has a statutory duty to prevent

misinformation, mixed-file information, or fraudulent accounts from being published on a consumer credit report, especially after receiving more than one dispute.

3. Additionally, consumer reporting agencies have an obligation to prevent the reporting of accounts as open when the consumer states that no open accounts exist. Equifax's failure to uphold these duties has harmed Plaintiff severely, including causing his credit score to drop more than 80 points due to the publication and verification of a false, mixed file account that does not belong to him.

## II.  JURISDICTION AND VENUE

4. The Court has subject matter jurisdiction pursuant to 28 U.S.C § 1331 and 15 U.S.C § 1681p.

5. The venue is proper in this District as Defendant conducts business in the Eastern district of Michigan.

## III.  PARTIES

6. Plaintiff Dominic Mitchell, a natural person and resident of Michigan, and a consumer under 15 U.S.C. § 1681a(c).

7. Defendant, is a consumer reporting agency under 15 U.S.C. § 1681a(f), responsible for preparing consumer credit reports and investigating consumer disputes.

8. Defendant principle place of business and headquarters is located in Atlanta Georgia.

## IV.  STATEMENT OF FACTS

9.  On or around December 3, 2025, Plaintiff checked his Equifax credit report to ensure it was unlocked and to do a quick review as he was preparing to apply for a line of credit. During that review, Plaintiff discovered an open, delinquent "ELAN Financial" account being reported with a balance of $4,079. **Attached hereto as Exhibit A.**

10. The Plaintiff immediately disputed the accuracy of the account including the open status. Plaintiff was initially confused by the ELAN Financial tradeline because he knew he previously had an ELAN account, however, he also knew that his legitimate account was no longer open and that the reported balance did not match his records. At that time, Plaintiff believed the tradeline may have been his closed account reporting inaccurate information, including an incorrect balance, payment history and incorrect open status.

11. On or around December 12, 2025, Equifax made the dispute investigation results available and verified the disputed ELAN Financial tradeline as being reported correctly, even though the information being reported was not accurate. **Attached hereto as Exhibit B.**

12. After receiving the dispute results, Plaintiff conducted a further review of his credit report and confirmed that his legitimate ELAN Financial account, with an approximate balance of $6,257, was already reporting under a revolving closed account. This confirmed that the ELAN tradeline being reported as open was not Plaintiff's account and had to be a mixed file reporting error. Plaintiff's legitimate ELAN account number ends in 9079, while the open tradeline being reported ends in 7083. Plaintiff has never opened, owned, or authorized any ELAN Financial account ending in 7083. **Attached hereto as Exhibit C.**

13. On or around December 22, 2025, Plaintiff submitted a second dispute to Equifax for reinvestigation, clearly stating that the account was not his, that his ELAN Financial balance was approximately $6,257, that the tradeline carried a different account number, and that his legitimate account number ends in 9079. **Attached hereto as Exhibit D-D1**.

14. On or around December 26, 2025, Equifax returned the second dispute results as verified with certain items modified, however, Equifax failed to remove the mixed file tradeline, and the core issue remained unresolved. **Attached hereto as E**

15. On or around December 29, 2025, Plaintiff spoke directly with ELAN Financial Services representatives, who confirmed that ELAN has no open accounts belonging to Plaintiff. ELAN further confirmed that the only balance associated with Plaintiff is approximately $6,257 on the account ending in 9079. Plaintiff has a recorded call available confirming these facts.

16. Despite Plaintiff submitting two disputes and providing clear account number discrepancies, Defendant failed to conduct a reasonable reinvestigation. Had Defendant taken its statutory duties seriously, it would have discovered that the open ELAN tradeline did not belong to Plaintiff and could not be accurately matched to Plaintiff's identity.

17. The mixed file tradeline caused Plaintiff's credit score to drop more than 80 points due to reported delinquency. To date, the reported balance has increased to $5,578, making Plaintiff's debt-to-income ratio and overall credit profile appear materially worse than it actually is.

18. Equifax failed to maintain maximum possible accuracy in Plaintiff's credit file, verified inaccurate information, and failed to correct or delete information that could not be verified, in violation of 15 U.S.C. § 1681e(b) and 15 U.S.C. § 1681i.

19. Plaintiff attempted to resolve this matter outside of litigation by contacting Defendant and Defendant's counsel and providing notice prior to filing suit. Despite being given a meaningful opportunity to correct the error, Defendant refused to fully rectify the issue and maintained that it complied with its statutory duties, even though the mixed file tradeline remained on Plaintiff's credit report after two disputes challenging the same exact account.

20. Upon receiving Plaintiff's disputes, Defendant failed to conduct a reasonable reinvestigation as required by the Fair Credit Reporting Act. Instead of resolving the

ownership discrepancy, the account-number mismatch, or the continued reporting of an open account status that ELAN Financial confirmed does not exist for Plaintiff, Defendant relied on a conclusory verification outcome and continued reporting inaccurate information.

21. Defendant is no stranger to allegations involving failures to ensure credit reporting accuracy or to conduct reasonable dispute investigations. In or around January 2025, the Consumer Financial Protection Bureau filed an enforcement action against Equifax alleging failures related to credit reporting accuracy, including failures to ensure maximum possible accuracy and failures in dispute investigation practices under federal consumer protection laws.

22. Despite that enforcement action and the heightened scrutiny placed on Defendant's reporting practices, Defendant's conduct has not changed. Defendant continued to engage in the same conduct here by verifying and maintaining a mixed-file account on Plaintiff's credit report after multiple disputes and after confirmation that no open account existed for Plaintiff. Rather than conducting an independent and reasonable reinvestigation as required by the FCRA, Defendant relied solely on the furnisher's conclusory response, prioritizing expedience and business convenience over the accuracy and integrity of Plaintiff's consumer credit file.

## V.   HARM TO PLAINTIFF

23. Plaintiff has suffered an injury-in-fact from Defendant reckless, negligent and willful behavior.

24. Upon receiving Plaintiff's dispute, Defendant failed to conduct a reasonable reinvestigation, as evidenced by its continued reporting of incomplete, inaccurate, and contradictory information.

25.   Defendant's actions have harmed Plaintiff by including but not limited to causing

inaccurate credit reporting, damage to his credit score as it dropped 80 points, debt to ratio negatively affected, loss of time, economic harm, reputational damage and emotional distress.

26. As a direct result of Defendant's inaccurate reporting, Plaintiff was deprived of the ability to apply for credit on equal terms. Plaintiff reviewed his Equifax credit report in preparation for applying for a line of credit and was deterred from applying after discovering the inaccurately reported delinquent ELAN Financial account, which materially inflated his debt-to-income ratio and made his credit profile appear significantly worse than it actually was. This deprivation constitutes a concrete and particularized injury caused by Defendant's failure to maintain accurate credit reporting.

27. As a direct result of this violation, Plaintiff suffered harm, including but not limited to emotional distress, mental anguish, and disruption in his daily life. Defendant is liable under 15 U.S.C. § 1681n and o, and Plaintiff is entitled to statutory, punitive and actual damages.

## VI.  COUNT I:  FCRA VIOLATION 15 U.S.C. § 1681e(b)

28. Plaintiff realleges and incorporates all previous paragraphs 1-27 as if fully set forth herein.

29. Defendant failed to follow and maintain reasonable procedures to ensure maximum possible accuracy in Plaintiff's credit report, in violation of 15 U.S.C. §1681e(b).

30.  As a direct result of this violation, Plaintiff suffered harm, including but not limited to emotional distress, mental anguish, and disruption in his daily life. Defendant is liable under 15 U.S.C. § 1681e(b), and Plaintiff is entitled to statutory and actual damages as a result.

## VII.   COUNT II: 15 U.S.C. § 1681i

31. Plaintiff realleges and incorporates all previous paragraphs 1-30 as if fully set forth

herein.

32. Upon receiving Plaintiff's dispute, Defendant failed to conduct a reasonable reinvestigation, as evidenced by its continued reporting of mixed file, inaccurate, and contradictory information.

33.  As a direct result of this violation, Plaintiff suffered harm, including but not limited to emotional distress, mental anguish, and disruption in his daily life.Defendant is liable under 15 U.S.C. § 1681i(a), and Plaintiff is entitled to statutory and actual damages.

## JURY DEMAND

34. Plaintiff demands a trial by jury on all Counts so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Dominic Mitchell, prays that this Court  :

A. Actual damages pursuant to 15 U.S.C. §1681n, and 1681o.

B. Statutory damages;

C. Punitive damages;

D. For such other and further relief as the Court may deem just and proper.

Dated:February 1, 2025                Respectfully Submitted

/s/ Dominic Mitchell

23286 Lawson Ave.

Warren, MI 48089

Email: dmitchell_21@yahoo.com

# *EXHIBIT A*



# *EXHIBIT B*

IS BEING REPORTED CORRECTLY. THE FOLLOWING FIELDS HAVE BEEN MODIFIED: *ADDITIONAL INFORMATION *HISTORICAL ACCOUNT INFORMATION.   If you have additional questions about this item please contact: **ELAN FINANCIAL SERVICES, CB Disputes PO BOX 108, PO BOX 108, Saint Louis, MO 63166-1010 Phone: (866) 234-4750**

**ELAN FINANCIAL SERVICES**   CB Disputes PO BOX 108 PO BOX 108 Saint Louis MO 63166-1010 : 8662344750

| Account Number | Date Opened | High Credit | Credit Limit | Terms Duration | Terms Frequency | Months Revd | Activity Designator | Creditor Classification |
|---|---|---|---|---|---|---|---|---|
| *7083 | 08/02/2019 | $4,259 | $4,000 | | Monthly | 44 | | |

| Date of Last Reported Update | Balance Amount | Amount Past Due | Date of Last Payment | Actual Payment Amount | Scheduled Payment Amount | Date of 1st Delinquency | Date of Last Activity | Date Maj Del. 1st Rptd | Charge Off Amount | Deferred Pay Start Date | Balloon Pay Amount | Balloon Pay Date | Date Closed |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 12/12/2025 | $4,079 | | 04/01/2025 | $116 | $128 | | | | | | | | |

| Status | Type of Account | Type of Loan | Whose Account | Portfolio Indicator | Portfolio Status |
|---|---|---|---|---|---|
| Pays As Agreed | Revolving | Credit Card | Individual Account | | |

**ADDITIONAL INFORMATION:**
*Credit Card*

Account History with Status Codes

| 03/2023 | 02/2023 | 01/2023 | 12/2022 | 11/2022 | 10/2022 | 09/2022 | 08/2022 | 07/2022 | 06/2022 |
|---|---|---|---|---|---|---|---|---|---|
| 0 | 0 | 1 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| 05/2022 | 04/2022 | 03/2022 | 02/2022 | 01/2022 | 12/2021 | 11/2021 | 10/2021 | 09/2021 | 08/2021 |
| 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| 07/2021 | 06/2021 | 05/2021 | 04/2021 | 03/2021 | 02/2021 | 01/2021 | 12/2020 | 11/2020 | |
| 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | |

Historical Account Information

| | Balance | Scheduled Payment Amount | Actual Payment Amount | Date of Last Payment | High Credit | Credit Limit | Amount Past Due | Type of Loan | Activity Designator |
|---|---|---|---|---|---|---|---|---|---|
| 11/25 | No Data Available | | | | | | | | |
| 10/25 | No Data Available | | | | | | | | |
| 09/25 | No Data Available | | | | | | | | |
| 08/25 | No Data Available | | | | | | | | |
| 07/25 | No Data Available | | | | | | | | |
| 06/25 | No Data Available | | | | | | | | |
| 05/25 | No Data Available | | | | | | | | |

(End of Report)
000003994-DISC

5337612432-EMB-0f9f0113000004b8-1212202

# *EXHIBIT C*

*Note that if you are inactive for 15 minutes when disputing additional information, you will lose any progress you have made on the information you are currently disputing.

**Credit Account - Open Revolving**
**ELAN FINANCIAL SERVICES  -  xxxxxxxxxxxx7083**

**Issue type**
Account ownership and fraud issues

**Issue**
This is not my account.

**Dispute comments**
This account is not mine, my Elan balance is $6,257.62, the tradeline has a different account number then mine, my account number end in 9079, I only have one account with Elan

**Supporting documents**
You have not uploaded any documents

Edit   Delete

**DISPUTE SOMETHING ELSE**

**SUBMIT DISPUTE**

Back

Cancel dispute

# *EXHIBIT D*

# *EXHIBIT D-1*



PO Box 108
St. Louis, MO 63116-0108

APRIL 1, 2025

DOMINIC MITCHELL
2015 PRINCE HALL DR # 3B
DETROIT, MI 48207-3381

Re: Account Ending: 9079
Balance: $6,257.62

Dear Account Holder(s):

This letter is in response to your request for the balance due for the above referenced account. The balance is **$6,257.62** as of April 1, 2025.

If you have additional questions or concerns, please do not hesitate to contact our office at the number below.

Respectfully,

Cardmember Service
1-800-308-3648
Monday – Friday 8:00am – 5:00pm CST

We accept relay calls.

This is an attempt to collect a debt. Any information obtained will be used for that purpose.

The creditor and issuer of the credit card is Elan Financial Services, pursuant to a license from Visa U.S.A. Inc.

# *EXHIBIT E*

HAS BEEN PROVIDED FROM THE ORIGINAL SOURCE REGARDING THIS ITEM. THE FOLLOWING FIELDS HAVE BEEN MODIFIED: *ADDITIONAL INFORMATION *BALANCE. If you have additional questions about this item please contact: **ELAN FINANCIAL SERVICES, CB Disputes PO BOX 108,** PO BOX 108, Saint Louis, MO 63166-1010 Phone: (866) 234-4750

**ELAN FINANCIAL SERVICES**   CB Disputes PO BOX 108 PO BOX 108 Saint Louis MO 63166-1010 : 8662344750

| Account Number | Date Opened | High Credit | Credit Limit | Terms Duration | Terms Frequency | Months Revd | Activity Designator | Creditor Classification |
|---|---|---|---|---|---|---|---|---|
| *7083 | 08/02/2019 | $4,259 | $4,000 | | Monthly | 44 | | |

| Date of Last Reported Update | Balance Amount | Amount Past Due | Date of Last Payment | Actual Payment Amount | Scheduled Payment Amount | Date of 1st Delinquency | Date of Last Activity | Date Maj Del. 1st Rptd | Charge Off Amount | Deferred Pay Start Date | Balloon Pay Amount | Balloon Pay Date | Date Closed |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 12/26/2025 | $5,578 | | 04/01/2023 | $116 | $128 | | | | | | | | |

| Status | Type of Account | Type of Loan | Whose Account | Portfolio Indicator | Portfolio Status |
|---|---|---|---|---|---|
| Pays As Agreed | Revolving | Credit Card | Individual Account | | |

**ADDITIONAL INFORMATION:**
**Credit Card**

**Account History with Status Codes**

| 03/2023 | 02/2023 | 01/2023 | 12/2022 | 11/2022 | 10/2022 | 09/2022 | 08/2022 | 07/2022 | 06/2022 |
|---|---|---|---|---|---|---|---|---|---|
| 0 | 0 | 1 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| 05/2022 | 04/2022 | 03/2022 | 02/2022 | 01/2022 | 12/2021 | 11/2021 | 10/2021 | 09/2021 | 08/2021 |
| 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| 07/2021 | 06/2021 | 05/2021 | 04/2021 | 03/2021 | 02/2021 | 01/2021 | 12/2020 | 11/2020 | |
| 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | |

**Historical Account Information**

| | Balance | Scheduled Payment Amount | Actual Payment Amount | Date of Last Payment | High Credit | Credit Limit | Amount Past Due | Type of Loan | | Activity Designator |
|---|---|---|---|---|---|---|---|---|---|---|
| 11/25 | No Data Available | | | | | | | | | |
| 10/25 | No Data Available | | | | | | | | | |
| 09/25 | No Data Available | | | | | | | | | |
| 08/25 | No Data Available | | | | | | | | | |
| 07/25 | No Data Available | | | | | | | | | |
| 06/25 | No Data Available | | | | | | | | | |
| 05/25 | No Data Available | | | | | | | | | |

(End of Report)
000004679-DISC

Page 4 of 14

5356543144-EMB-0fad0107000003e5-12262025